WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jackson Ellsworth,<br><br>    Plaintiff,<br><br>vs.<br><br>Prison Health Services, Inc., et al.,<br><br>    Defendants. | No. CV 11-8070-PCT-RCB (MEA)<br><br>**ORDER** |

Plaintiff James Jackson Ellsworth, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will order Defendants Prison Health Services, Inc., and Dr. Mortenson to answer Counts One and Two of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $18.52. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order

requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)

- 2 -

(*per curiam*)).

### III. Complaint

In his four-count Complaint, Plaintiff sues the following Defendants: Prison Health Services, Inc. (PHS), which is the prison health provider at the Mohave County Detention Center; and Mohave County Detention Center's Deputy Director Jeffrey Brown, Jail Commander Bruce Brown, and Doctor Mortenson.

In each count, Plaintiff alleges a violation of his Eighth Amendment rights. He contends that he has suffered from multiple sclerosis for many years. In Count One, Plaintiff alleges that Defendant PHS would not allow treatment for multiple sclerosis. Specifically, Plaintiff contends that he was transported to his personal neurologist in June 2010, the neurologist prescribed medication and injections, but Defendant PHS "refused to allow the treatment because their protocol did not allow it." In Count Two, he asserts that Defendant Mortenson was deliberately indifferent to Plaintiff's serious medical needs because, in January and February 2010, Defendant Mortenson informed Plaintiff that the jail did not stock medications to treat multiple sclerosis, did not treat Plaintiff's multiple sclerosis, and informed Plaintiff that he would not be treated for multiple sclerosis, "end of story."

In Counts Three and Four, Plaintiff contends that Defendants Jeffrey Brown and Bruce Brown were aware of widespread problems with medical treatment at the Mohave County Detention Center, but did nothing to correct the problem, and were aware of Plaintiff's non-treatment and "chose to do nothing."

In his Request for Relief, Plaintiff seeks monetary damages and injunctive relief.

### IV. Claims for Which an Answer Will be Required

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Liberally construed, Plaintiff has stated Fourteenth Amendment deliberate-indifference

- 3 -

1  claims against Defendants PHS and Mortenson.  Thus, the Court will require Defendants PHS
2  and Mortenson to answer Counts One and Two.
3  **V.      Failure to State a Claim**
4          Defendants Jeffrey Brown and Bruce Brown are not liable simply because they were
5  aware of problems regarding medical treatment at the Detention Center and failed to correct
6  them.  See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (defendants did not commit
7  constitutional violations when they denied administrative grievances, failed to intervene on
8  plaintiff's behalf, and failed to remedy allegedly unconstitutional behavior). Moreover, Mohave
9  County, not Defendants Jeffrey Brown and Bruce Brown, is responsible for providing medical
10 care to county jail inmates.  See Ariz. Rev. Stat. § 11-291(A).   Thus, the Court will dismiss
11 without prejudice Counts Three and Four and Defendants Jeffrey Brown and Bruce Brown.
12 **VI.     Warnings**
13        **A.      Release**
14         Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
15 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the
16 balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in
17 dismissal of this action.
18        **B.      Address Changes**
19         Plaintiff must file and serve a notice of a change of address in accordance with Rule
20 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
21 relief with a notice of change of address.  Failure to comply may result in dismissal of this
22 action.
23        **C.      Copies**
24         Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of
25 every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating
26 that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an
27 additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may
28 result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $18.52.

(3)     Counts Three and Four and Defendants Jeffrey Brown and Bruce Brown are **dismissed** without prejudice.

(4)     Defendants Prison Health Services, Inc., and Dr. Mortenson must answer Counts One and Two.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Prison Health Services, Inc., and Dr. Mortenson.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the

Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and/or Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

1    (11)   Defendant must answer the Complaint or otherwise respond by appropriate motion
2 within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil
3 Procedure.

5    (12)   Any answer or response must state the specific Defendant by name on whose
6 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does
7 not identify the specific Defendant by name on whose behalf it is filed.

9    (13)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1
10 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under
11 28 U.S.C. § 636(b)(1).

DATED this 6th day of May, 2011.

_____
Robert C. Broomfield
Senior United States District Judge