**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James Jackson Ellsworth,          )<br>                              )<br>          Plaintiff,        )<br>                              )<br>     vs.                      )<br>                              )<br>Prison Health Services, Inc., )<br>  *et al.*,                    )<br>          Defendants.        )<br>_____) | No. CV-11-8070-PCT-RCB-MEA<br><br>O R D E R |

### *Background*

Plaintiff *pro se* James Jackson Ellsworth is housed at the Mohave County Jail ("the facility"), where defendant Prison Health Services, Inc. ("PHS"), now known as Corizon Health, Inc. ("Corizon"),[1] provides health care services.  See Defendant's Partial Opposition to Plaintiff's Motion to Enjoin Defendants ("Def.'s Opp'n") (Doc. 22) at 2:10.  Basically, plaintiff is alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  More specifically, plaintiff alleges

---

[1] After PHS' parent corporation was acquired, PHS was renamed to Corizon. Def.'s Opp'n (Doc. 22) at 1:26, n. 1.

that he was denied certain medical treatment relating to his diagnosis of multiple sclerosis, allegedly because the facility's protocol did not allow it. See Co. (Doc. 1) at 3, ¶ 3.

Currently pending before the court is plaintiff's "Motion to *Enjoin* Defendants[.]"[2] Mot. (Doc. 17) (emphasis added). Although styled as a motion to enjoin, it is obvious from the substance that plaintiff is moving to join – not "enjoin" – three separate entities as parties to this action. The impetus for this motion was a corporate disclosure statement filed by PHS, now named Corizon. American Service Group, Inc., ("ASG") is Corizon's parent corporation. Corp. Disclo. Stmt. (Doc. 14) at 2:10-11. ASG, in turn, is "solely owned by Valitas Health Services, Inc." ("Valitas"). Id. Plaintiff is seeking to join Corizon, ASG, and Valitas as parties to this action pursuant Fed.R.Civ.P. 19(a)(1)(B)(ii) and 20(a)(2)(A)(B).[3]

Defendant PHS, now known as Corizon, does not object to this motion to the extent it can be construed as a motion to correct the

---

[2] After this motion was fully briefed, on August 31, 2011, the Honorable Mark E. Aspey, United States Magistrate Judge ("the Magistrate Judge"), advised that the reference was ready to be withdrawn as to this motion. On January 24, 2012, during the pendency of this motion, plaintiff Ellsworth filed a "Renew[ed] Motion to Enjoin[.]" Mot. (Doc. 49) at 1:10-11. After the filing of defendant's opposition to that renewed motion, on February 23, 2012, the Magistrate Judge denied the renewed motion, along with three other motions plaintiff also filed. Ord. (Doc. 56) at 1. The renewed motion was denied because "the relief requested was *previously* denied by the Court." Id. at 1:25 (emphasis added).

That denial was improper. The Magistrate Judge did have jurisdiction to consider whether the joinder of unserved defendants was proper because such defendants "are not considered 'parties' under 28 U.S.C. § 636(c)." See Hard Drive Productions, Inc. v. Does 1-188, 809 F.Supp.2d 1150, 1155 (N.D.Cal. 2011). Nevertheless, that denial was improper because the relief – joinder  - had not previously been denied. That relief is the subject of the pending motion, which was pending when the Magistrate Judge denied the renewal motion.

[3] Plaintiff inadvertently misidentified both Rules. The court will disregard that fact though because plaintiff's intent is obvious to the court, as it was to Corizon.

1  name of the defendant from PHS to Corizon.  Def.'s Opp'n (Doc. 22)
2  at 2:1-3; 4:2-4.  With that correction, Corizon concedes that it
3  "is a proper defendant to this action."  Id. at 22:11.
4       Corizon opposes this motion, however, insofar as plaintiff is
5  seeking to join ASG and Valitas as parties hereto.  The primary
6  basis for this opposition is the presumption of corporate
7  separateness under Arizona law, and plaintiff's failure to offer
8  any facts to overcome that presumption.  Defendant further argues
9  that plaintiff has not satisfied Rule 19 standards for mandatory
10 joinder, nor Rule 20's standards for permissive joinder.
11 Defendant's position is well-taken on all three grounds, as will be
12 seen.
13      In his reply, plaintiff seeks a stay to conduct discovery
14 because he is uncertain as to which entity was the parent
15 corporation during the relevant time frame.  Plaintiff believes
16 that unknown entity wrote the protocol, which he is challenging in
17 this lawsuit, pertaining to inmate medical treatment at the Mohave
18 County Jail.  See Reply (Doc. 23) at 1:25 - 2:4.  Thus, plaintiff
19 is seeking a stay of this pending motion until he can conduct
20 discovery to "obtain the identify" of PHS's "[p]arent [c]orporation
21 during" the relevant time frame.  Id. at 2:7-9.  On that same
22 basis, plaintiff is seeking an extension of the deadline for filing
23 a motion to amend his complaint "until such time that [he] has
24 enough evidence to prove who the Parent Corporation was during the
25 timeframes[sic] setout [sic] in the complaint, and file a Motion to
26 Join the Parent Corporation to this litigation.  See id. at 2:9-13.
27      Before addressing the parties' respective arguments, it is
28 necessary to examine the entire record on this issue.  That

1  includes plaintiff's renewed motion (Doc. 49), and defendant's
2  response thereto (Doc. 49).  It is particularly important to
3  consider that renewal motion because, as will be seen, it somewhat
4  alters the complexion of the current motion.  The court, therefore,
5  is taking judicial notice of those two filings.  See Fidelity Nat.
6  Financial, Inc. v. Friedman, 2012 WL 682376, at *4 (D.Ariz. Mar. 2,
7  2012) ("Pleadings and orders in this action, or others, are matters
8  of public record and hence properly the subject of judicial
9  notice.") (citing, *inter alia*, Reyn's Pasta Bella, LLC v. Visa USA,
10 Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial
11 notice, as a matter of public record, of "pleadings, memoranda,
12 expert reports, etc., from [earlier] litigation[,]" which were thus
13 "readily verifiable")).  The court is taking judicial notice of
14 those subsequent filings "to show . . . that a certain argument or
15 position was asserted therein."  Id. (citations omitted).

16      Insofar as he has been able to discern the "facts," plaintiff
17 claims in his renewal motion that after an "apparent merger of
18 Whiskey Acquisition Corp. into" ASG, the latter "is a surviving
19 entity and wholly owned subsidiary of the other surviving entity,
20 Valitas[.]"  Renewed Mot. (Doc. 49) at 2:4-7.  Plaintiff further
21 states that "[d]uring this merger[,]" PHS "was renamed Corizon."
22 Id. at 2:7-8. Noting his earlier request for a stay to "obtain
23 . . . evidence" in connection with the pending motion, in his
24 renewal motion plaintiff states that he has such "evidence[]" and,
25 "is ready to proceed with" the pending joinder motion.  Id. at 2:1-
26 2.  Based upon the foregoing, the court denies as moot plaintiff's
27 request for a stay.
28      With that clarification, the court will address the merits of

the pending motion. In so doing, the court will take into account plaintiff's claimed facts, and his argument that based upon such facts, he has overcome the presumption against corporate separateness.

### *Discussion*

**I. Joinder**

    **A. Corizon**

Construing this motion as one to correct the name of the defendant from PHS to Corizon, and given the latter's acknowledgment that it "is a proper defendant to this action[,]" and because "[d]efendant has no objection[,]" the court grants this part of plaintiff's motion. See Resp. (Doc. 22) at 2:11; and 2:3.

    **B. ASG and Valitas**

        **1. Fed.R.Civ.P. 19 Joinder**

Rule 19(a)(1)(B)(ii) is one of the bases for plaintiff's motion to join. Assuming for the sake of argument that that Rule is the proper procedural vehicle for this motion, there is nothing in this record showing that either ASG or Valitas are necessary parties to this action.

Rule 19(a)(1)(B)(ii) provides:

> **(a) Persons Required to Be Joined if Feasible.**
>
>     **(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . .
>
>         **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: . . .
>
>             **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

-5-

1   obligations because of the interest.
2 Fed.R.Civ.P. 19(a)(1)(B)(ii).  There is nothing before the court
3 showing, for example, that either ASG or Valitas "claims an
4 interest relating to the subject of th[is] action and is so
5 situated that disposing of th[is] action in th[eir] absence may
6 . . . leave an existing party[,]" such as Corizon, "subject to a
7 substantial risk of incurring double, multiple or otherwise
8 inconsistent obligation[s] because of the interest."  See id.
9 Thus, plaintiff has not shown that either ASG or Valitas must be
10 joined as necessary parties pursuant to Rule 19.

### 2. Fed.R.Civ.P. 20 Joinder

Plaintiff's motion suffers from the same lack of proof insofar as he is relying upon Rule 20.  The part of Rule 20 upon which plaintiff Ellsworth cites reads as follows:

> **(a) Person Who May Join or Be Joined.**
>
> . . .
>
> **(2) Defendants.** Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2)(A)(B) (italicized emphasis added).

Taking into account plaintiff's *pro se* status, the court generously construes his motion as one to amend pursuant to Fed.R.Civ.P. 15(a) to join ASG and Valitas as defendants.  See 4

-6-

James Wm. Moore *et al.*, Moore's Federal Practice § 20.02 (3d ed. 1999) (a plaintiff, in seeking to join additional parties, "must seek leave to amend [and] Plaintiff has the burden of demonstrating that the proposed restructuring of the litigation satisfies both requirements of [Rule 20's] permissive party joinder rule"). Plaintiff Ellsworth has not, however, as he must, satisfied the requirements of Rule 20(a)(2)(A)(B) allowing for permissive joinder. See <u>U.S. v. Undetermined quantities of an article of food, cheese, labeled in part, Estrella Family Creamery (Red Darla)</u>, 2011 WL 6012501, at *1 (W.D.Wash. Dec. 1, 2011) (citation omitted) ("[W]hen a party files a motion to amend to join a party, the joinder must also satisfy the requirements of Rule 20(a)(2) of the Federal Rules of Civil Procedure.")

The record is silent on the conditions precedent for permissive joinder. Based upon the plain language of Rule 20(a)(2)(A)(B), plaintiff must make a two-prong showing, which he has not done. Plaintiff has not established the first element, because he has not demonstrated any right to relief against ASG or Valitas as to the occurrences which are the subject of this action. Likewise, plaintiff has not established the second element; he has not shown "any question of law or fact common to all defendants will arise in th[is] action." See Fed.R.Civ.P. 20(a)(2)(B). Thus, plaintiff is not entitled to permissively join either ASG or Valitas as defendants under Rule 20.

### *3. Corporate Separateness*

Although not relying upon this theory of liability by name, apparently plaintiff is seeking joinder of ASG and Valitas on an alter ego theory of liability. That theory "allows a parent

-7-

corporation to be held liable for the acts of its subsidiary when the individuality or separateness of the subsidiary corporation has ceased." Pimal Property, Inc. v. Capital Ins. Group, Inc., 2012 WL 608392, at *4 (citing Gatecliff v. Great Rep. Life Ins. Co., 170 Ariz. 34, 821 P.2d 725, 728 (Ariz. 1991)). However, "Arizona law recognizes a presumption of corporate separateness under which a parent corporation is not liable for the actions of a subsidiary." Loza v. American Heritage Life Ins. Co., 2009 WL 4824756, at *1 (D.Ariz. 2009) (citing Deutsche Credit Corp. v. Case Power & Equip. Co., 179 Ariz. 155, 876 P.2d 1190, 1195 (Ariz.App.1994)). And, as earlier stated, defendant is relying upon that presumption of corporate separateness to defeat plaintiff's motion to join ASG and Valitas as defendants.

To overcome that presumption of corporate separateness, "a plaintiff must show (1) unity of control *and* (2) that observance of the corporate form would promote injustice or fraud." Id. (citing Gatecliff, 170 Ariz. 34, 821 P.2d at 728) (emphasis added). "[U]nity of control is shown when a parent exercises 'substantially total control over the management and activities' of its subsidiary." Id. (quoting Gatecliff, 170 Ariz. 34, 821 P.2d at 728 (citations and internal quotations omitted)). "A plaintiff may prove substantially total control 'by showing, among other things: stock ownership by the parent; common officers or directors; financing of subsidiary by the parent; payment of salaries and other expenses of subsidiary by the parent; failure of subsidiary to maintain formalities of separate corporate existence; similarity of logo; and plaintiff's lack of knowledge of subsidiary's separate corporate existence." Id.

1    Plaintiff first disputes that Arizona law applies here,
2 although he does not suggest what other law the court should apply.
3 The Ninth Circuit has instructed courts to "apply the law of the
4 forum state in determining whether a corporation is an alter ego of
5 an individual." <u>S.E.C. v. Hickey</u>, 322 F.3d 1123, 1128 (9th Cir.
6 2003).  Obviously, Arizona is the forum state for this particular
7 federal district court.  Therefore, despite plaintiff's contrary
8 assertion, Arizona law does apply on the issue of alter ego
9 liability.
10    Despite disagreeing as to the applicable law, plaintiff
11 contends that he has "proven both prongs of this [<u>Gatecliff</u>]
12 standard[.]"  Renewed Mot. (Doc. 49) at 3:8-10.  The record readily
13 shows that plaintiff is not able to overcome Arizona's presumption
14 of corporate separateness because he has not come forth with
15 sufficient proof to satisfy either prong of the <u>Gatecliff</u> standard.
16 As to the seven factors relevant to the "unity of control" prong,
17 plaintiff only attempts to satisfy one.  He states that "Richard
18 'Rich' Hallworth is the Chief Executive Officer [("CEO")] of both
19 ASG and PHS (Now Corizon)."  Renewed Mot. (Doc. 49) at 2:25-3:1.
20 Plaintiff offers nothing specifically to support this bald
21 assertion though.
22    In making other assertions, plaintiff cites to "Corizon.com,
23 ASGR.com, [and] LexisNexis.com[.]" <u>Id.</u> at 2:17.  Perhaps those
24 cites were the source of plaintiff's assertion as to Mr. Hallworth,
25 but the court declines to speculate.  Pursuant to Fed.R.Evid. 201,
26 the court will, however, take judicial notice of the fact that

"Rich Hallworth" is Corizon's CEO.[4]  Even so, plaintiff has not shown that Corizon has any "common officers or directors" with ASG or Valitas.  Plaintiff makes a couple of broad conclusory allegations as to ASG's "operat[ion] . . . of healthcare companies, and "'*oversee*[*ing*] outpatient testing and care[.]'" Renewed Mot. (Doc. 49) at 2:13-14; 16 (citations omitted) (emphasis in original).  On the face of it, those snippets do not in any way assist plaintiff in showing "unity of control" with respect to Corizon and ASG or Valitas.

Even if plaintiff had satisfied the first <u>Gatecliff</u> prong, which he has not, he cannot satisfy the second – "that observance of the corporate form would promote injustice or fraud." <u>See</u> <u>Gatecliff</u>, 170 Ariz. 34, 821 P.2d at 728.  The court agrees with defendant that plaintiff's "unsupported allegation that there have been a number of suits or complaints against ASG, Valitas and PHS," without "nam[ing] any particular suit, and fail[ing] to establish why an unrelated suit or complaint against these parties is relevant to his contention that ASG and Valitas should be joined as parties" herein.  Resp. (Doc. 51) at 3:13-16.  Moreover, those wholly unsupported assertions do nothing to prove that "observance of the corporate form [here] would promote injustice or fraud." <u>See Gatecliff</u>, 170 Ariz. 34, 821 P.2d at 728.

For all of the reasons set forth above, the court hereby orders that plaintiff's "Motion to Enjoin Defendants" (Doc. 17) is:

      (1) **DENIED** as moot insofar as plaintiff is seeking a stay of this motion;

---

[4] See **http://www.corizonhealth.com/About-Corizon/Executive-Team** (last visited March 30, 2012).

- 10 -

        (2) **GRANTED** to the extent he is seeking to correct the name of defendant Prison Health Services, Inc., to reflect its new name, Corizon Health Services, Inc.;

        (3) **DENIED** insofar as plaintiff is seeking to join American Service Group, Inc. and Valitas Health Services, Inc. as defendants hereto; and

        (4) insofar as plaintiff is seeking "to extend the deadlines for any Motion to Amend until such a time that [he] has enough evidence to prove who the Parent Corporation was during the timeframes [sic] setout [sic] in the complaint, and [to] file a Motion to Join the Parent Corporation[,]" this aspect of plaintiff's motion is **DENIED with leave to seek leave to amend, provided such motion seeking leave to amend, if any, shall be filed no later than May 4, 2012.**

DATED this 31st day of March, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*

- 11 -