WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James Jackson Ellsworth,       )
                               )
            Plaintiff,         )    No. CV-11-8070-PCT-RCB-MEA
                               )
        vs.                    )         O R D E R
                               )
Corizon Health, Inc.,[1]       )
    et al.                     )
            Defendants.        )
_____)

    Currently pending before the court are two motions filed
by plaintiff *pro se*, James Jackson Ellsworth, wherein he is
seeking "review" of two orders issued by the Honorable United
States Magistrate Judge Mark Aspey ("the Magistrate Judge").
See Mots. (Docs. 65 and 67).

### ***Background***

    Plaintiff is an inmate housed at the Mohave County Jail
("the Jail"), alleging a violation of his Eighth Amendment

_____

    [1]    This is the accurate name of the defendant formerly knows as Prison
Health Services, Inc., as more fully explained in this court's recent order.  See
Ord. (Doc. 66) at 1-2.

1   right to be free from cruel and unusual punishment.  More

2   specifically, plaintiff alleges that he was denied certain

3   medical treatment relating to his diagnosis of multiple

4   sclerosis, allegedly because the Jail's protocol did not

5   allow it.  <u>See</u> Co. (Doc. 1) at 3, ¶ 3.

6        By order entered February 23, 2012, the Magistrate Judge

7   denied four motions by plaintiff.  On March 16, 2012,

8   plaintiff filed a motion for "review" of that Order, directed

9   to three of those four motions.  <u>See</u> Mot. (Doc. 65).  In

10   particular, plaintiff is challenging the Magistrate Judge's

11   denial of his motions to: (1) compel compliance with a

12   subpoena directed to a non-party entity (Doc. 43); (2) extend

13   the time for completion of discovery (Doc. 48); and (3)

14   "'join' parties[2] to this matter[.]" Ord. (Doc. 56) at 1:24.

15        Additionally, plaintiff seeks review of the Magistrate

16   Judge's order, filed March 7, 2012, denying plaintiff's

17   motions to compel compliance with subpoenas *duces tecum*

18   directed to three other non-party entities (Docs. 41; 44; and

19   45).  <u>See</u> Ord. (Doc. 63) at 4:4-10.  On April 3, 2012,

20   plaintiff filed a separate motion seeking "[r]eview" of that

21   order.  Mot. (Doc. 67) at 1:9.

22                          ***Discussion***

23        With one exception, all of the rulings to which plaintiff

24   objects directly pertain to discovery.  Hence, those rulings

25   are non-dispositive matters within the meaning of Fed.R.Civ.P.

26

27        [2]      As explained in <u>Ellsworth v. Prison Health Services</u>, CV-11-8070,
28   actually, plaintiff was seeking to add non-parties to this action.  <u>See</u> Ord. (Doc.
     66) at 2, n.2.

1  72(a).  See Gabriel Tech. Corp. v. Qualcomm Inc., 2012 WL

2  849167, at *2 (S.D.Cal. Mar. 13, 2012) (citing Maisonville v.

3  F2Am., Inc., 902 F.2d 746, 748 (9th Cir. 1990)) ("Discovery

4  orders are ordinarily considered non-dispositive because they

5  do not have the effect of dismissing a cause of action.")

6  Plaintiff's challenge to the denial of his motion to "join

7  parties" also is non-dispositive as it is not among the eight

8  types of motions explicitly excluded from determination by 28

9  U.S.C. § 636(b)(1)(A).  Nor is that motion "analogous to a

10 motion listed in th[at] [excepted] category[.]"   See United

11 States v. River-Guerrero, 377 F.3d 1064, at 1067 (9th Cir.

12 2004) (citation omitted) (emphasis omitted).  Thus,

13 plaintiff's joinder motion "falls within the non-dispositive

14 group of matters which a magistrate may determine."  See id.

15 at 1068 (citation omitted).  Given the non-dispositive status

16 of the motions which plaintiff Ellsworth is challenging, Rule

17 72(a) and 28 U.S.C.

18 § 636(b)(1)(A) provide the governing legal standards.

19 *I.  Timeliness*

20      Pursuant to Rule 72(a) of the Federal Rules of Civil

21 Procedure, "[a] party may serve and file objections to [a]

22 [nondispositive pretrial order of a magistrate judge] within

23 14 days after being served with a copy[]" of that order.

24 Fed.R.Civ.P. 72(a).  "The district judge in the case *must*

25 consider *timely* objections and modify or set aside any part of

26 the order that is clearly erroneous or is contrary to law."

27 Id. (emphasis added); see also 28 U.S.C. § 636(b)(1)(A) ("A

28 judge of the court may reconsider any pretrial matter under

1  this subparagraph (A) where it has been shown that the

2  magistrate judge's order is clearly erroneous or contrary to

3  law.") However, "[a] party may not assign as error a defect in

4  the order not timely objected to."  Fed.R.Civ.P. 72(a).

5      In the present case, the court construes plaintiff's

6  motions for "review," as objections to the Magistrate Judge's

7  rulings on nondispositive matters, as Rule 72(a) allows.

8  Plaintiff's objections were not timely filed, however.  As

9  just stated, objections pursuant to that Rule must be filed

10 and served within 14 days after being served with a copy of a

11 magistrate judge's order.  On March 26, 2012, plaintiff filed

12 his objections to the February 23, 2012 order.  Computing the

13 time for service in accordance with Rule 6, plaintiff had

14 until March 12, 2012 in which to file his objections.[3]

15 Plaintiff did not meet that filing deadline though.

16     Plaintiff also did not meet the filing deadline with

17 respect to the Magistrate Judge's March 7, 2012 order.

18 Computing the time for service in accordance with Rule 6,

19 plaintiff had until March 26, 2012 in which to file his

20 objections to that order.[4]  Yet, plaintiff did not file his

21 objections until April 3, 2010.  Untimeliness alone is a

22

23      [3]    In accordance with Fed.R.Civ.P. 6(a)(1)(A), February 23, 2012, the
   entry date of the order, is excluded from computing plaintiff's time to file
24 objections.  Beginning to count on February 24, 2012, and adding three days for
   service pursuant to Fed.R.Civ.P. 6(d), means that the 14 day time frame ended on
   March 11, 2012.  Because March 11, 2012, was a Sunday, that time frame is extended
25 until Monday, March 12, 2012.  See Fed.R.Civ.P. 6(a)(1)(C).

26      [4]    In accordance with Fed.R.Civ.P. 6(a)(1)(A), March 7,, 2012, the entry
   date of the order, is excluded from computing plaintiff's time to file objections.
27 Beginning to count on March 8, 2012, and adding three days for service pursuant to
   Fed.R.Civ.P. 6(d), means that the 14 day time frame ended on March 24, 2012.
28 Because March 24, 2012, was a Saturday, that time frame is extended until Monday,
   March 26, 2012.  See Fed.R.Civ.P. 6(a)(1)(C).

- 4 -

1  sufficient basis for denying both of plaintiff's motions for
2  "review."   See Matthewson v. Ryan, 2012 WL 510318, at *2
3  (D.Ariz. Feb. 16, 2012) (citing, *inter alia,* Simpson v. Lear
4  Astronics Corp., 77 F.3d 1170, 1174 (9th Cir.1996)) ("The
5  absence of a timely objection precludes later assignment of
6  error in this court or in any higher court of the
7  non-dispositive rulings of a magistrate judge.")
8       Accordingly, the court hereby **ORDERS** that:
9       (1) "Plaintiff's Motion for District Court review of
10 Magistrate[']s Order" (Doc. 65) is **DENIED**; and
11      (2) "Plaintiff's motion for District Court Review of
12 Magistrate[']s Order (Doc. 67) is **DENIED**.
13      DATED this 16th day of April, 2012.

14

15

16  _____
17       Robert C. Broomfield
         Senior United States District Judge
18

19

20

21

22

23

24

25

26

27

28 Copies to counsel of record and plaintiff *pro se*

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28