**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |   |
|---|---|---|
| James Jackson Ellsworth, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV-11-8070-PCT-RCB-MEA |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Corizon Health, Inc.,[1] | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

Currently pending before the court are two motions filed by plaintiff *pro se*, James Jackson Ellsworth, wherein he is seeking "review" of two orders issued by the Honorable United States Magistrate Judge Mark Aspey ("the Magistrate Judge"). See Mots. (Docs. 65 and 67).

### ***Background***

Plaintiff is an inmate housed at the Mohave County Jail ("the Jail"), alleging a violation of his Eighth Amendment

---

[1] This is the accurate name of the defendant formerly knows as Prison Health Services, Inc., as more fully explained in this court's recent order. See Ord. (Doc. 66) at 1-2.

right to be free from cruel and unusual punishment.  More specifically, plaintiff alleges that he was denied certain medical treatment relating to his diagnosis of multiple sclerosis, allegedly because the Jail's protocol did not allow it.  See Co. (Doc. 1) at 3, ¶ 3.

By order entered February 23, 2012, the Magistrate Judge denied four motions by plaintiff.  On March 16, 2012, plaintiff filed a motion for "review" of that Order, directed to three of those four motions.  See Mot. (Doc. 65).  In particular, plaintiff is challenging the Magistrate Judge's denial of his motions to: (1) compel compliance with a subpoena directed to a non-party entity (Doc. 43); (2) extend the time for completion of discovery (Doc. 48); and (3) "'join' parties[2] to this matter[.]" Ord. (Doc. 56) at 1:24.

Additionally, plaintiff seeks review of the Magistrate Judge's order, filed March 7, 2012, denying plaintiff's motions to compel compliance with subpoenas *duces tecum* directed to three other non-party entities (Docs. 41; 44; and 45).  See Ord. (Doc. 63) at 4:4-10.  On April 3, 2012, plaintiff filed a separate motion seeking "[r]eview" of that order.  Mot. (Doc. 67) at 1:9.

### *Discussion*

With one exception, all of the rulings to which plaintiff objects directly pertain to discovery.  Hence, those rulings are non-dispositive matters within the meaning of Fed.R.Civ.P.

---

[2]   As explained in Ellsworth v. Prison Health Services, CV-11-8070, actually, plaintiff was seeking to add non-parties to this action.  See Ord. (Doc. 66) at 2, n.2.

-2-

72(a).  See Gabriel Tech. Corp. v. Qualcomm Inc., 2012 WL 849167, at *2 (S.D.Cal. Mar. 13, 2012) (citing Maisonville v. F2Am., Inc., 902 F.2d 746, 748 (9th Cir. 1990)) ("Discovery orders are ordinarily considered non-dispositive because they do not have the effect of dismissing a cause of action.") Plaintiff's challenge to the denial of his motion to "join parties" also is non-dispositive as it is not among the eight types of motions explicitly excluded from determination by 28 U.S.C. § 636(b)(1)(A).  Nor is that motion "analogous to a motion listed in th[at] [excepted] category[.]"   See United States v. River-Guerrero, 377 F.3d 1064, at 1067 (9th Cir. 2004) (citation omitted) (emphasis omitted).  Thus, plaintiff's joinder motion "falls within the non-dispositive group of matters which a magistrate may determine."  See id. at 1068 (citation omitted).  Given the non-dispositive status of the motions which plaintiff Ellsworth is challenging, Rule 72(a) and 28 U.S.C. § 636(b)(1)(A) provide the governing legal standards.

***I.  Timeliness***

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[a] party may serve and file objections to [a] [nondispositive pretrial order of a magistrate judge] within 14 days after being served with a copy[]" of that order. Fed.R.Civ.P. 72(a).  "The district judge in the case *must* consider *timely* objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. (emphasis added); see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under

-3-

this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.") However, "[a] party may not assign as error a defect in the order not timely objected to."  Fed.R.Civ.P. 72(a).

In the present case, the court construes plaintiff's motions for "review," as objections to the Magistrate Judge's rulings on nondispositive matters, as Rule 72(a) allows. Plaintiff's objections were not timely filed, however.  As just stated, objections pursuant to that Rule must be filed and served within 14 days after being served with a copy of a magistrate judge's order.  On March 26, 2012, plaintiff filed his objections to the February 23, 2012 order.  Computing the time for service in accordance with Rule 6, plaintiff had until March 12, 2012 in which to file his objections.[3] Plaintiff did not meet that filing deadline though.

Plaintiff also did not meet the filing deadline with respect to the Magistrate Judge's March 7, 2012 order. Computing the time for service in accordance with Rule 6, plaintiff had until March 26, 2012 in which to file his objections to that order.[4]  Yet, plaintiff did not file his objections until April 3, 2010.  Untimeliness alone is a

---

[3] In accordance with Fed.R.Civ.P. 6(a)(1)(A), February 23, 2012, the entry date of the order, is excluded from computing plaintiff's time to file objections. Beginning to count on February 24, 2012, and adding three days for service pursuant to Fed.R.Civ.P. 6(d), means that the 14 day time frame ended on March 11, 2012.  Because March 11, 2012, was a Sunday, that time frame is extended until Monday, March 12, 2012.  See Fed.R.Civ.P. 6(a)(1)(C).

[4] In accordance with Fed.R.Civ.P. 6(a)(1)(A), March 7,, 2012, the entry date of the order, is excluded from computing plaintiff's time to file objections. Beginning to count on March 8, 2012, and adding three days for service pursuant to Fed.R.Civ.P. 6(d), means that the 14 day time frame ended on March 24, 2012. Because March 24, 2012, was a Saturday, that time frame is extended until Monday, March 26, 2012.  See Fed.R.Civ.P. 6(a)(1)(C).

sufficient basis for denying both of plaintiff's motions for "review."  See Matthewson v. Ryan, 2012 WL 510318, at *2 (D.Ariz. Feb. 16, 2012) (citing, *inter alia,* Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir.1996)) ("The absence of a timely objection precludes later assignment of error in this court or in any higher court of the non-dispositive rulings of a magistrate judge.")

Accordingly, the court hereby **ORDERS** that:

(1) "Plaintiff's Motion for District Court review of Magistrate[']s Order" (Doc. 65) is **DENIED**; and

(2) "Plaintiff's motion for District Court Review of Magistrate[']s Order (Doc. 67) is **DENIED**.

DATED this 16th day of April, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*