**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jackson Ellsworth,            ) | |
|                                     ) | |
|            Plaintiff,               ) | No. CV-11-8070-PCT-RCB-MEA |
|                                     ) | |
|       vs.                           ) | O R D E R |
|                                     ) | |
| Prison Health Services,             ) | |
| Inc., *et al.*,                     ) | |
|                                     ) | |
|            Defendants.              ) | |

Currently pending before the court is plaintiff *pro se* James Jackson Ellsworth's "Motion for District Court's Reconsideration of Magistrate[']s Denial of Plaintiff's Motion to Appoint Counsel" (Doc. 131) and his "Motion to Expand the time to File a Joint Proposed Pre-Trial Order" (Doc. 132). Both motions were filed on February 20, 2013.

Because this court did not order the filing of a response to the reconsideration motion, defendants did not file one. See LRCiv 7.2(g)("No response to a motion for reconsideration . . . may be filed unless ordered by the Court[.]") Although defendants could have responded to the motion to expand, they

did not, and the time to do so has passed.  See LRCiv 7.2(b) (allowing 14 days after service in which to serve and file a responsive memorandum).  Thus, having considered the pending motions, and based upon its familiarity with the history of this litigation, for the reasons set forth below, the court **DENIES** the motion for appointment of counsel, but **GRANTS** the motion to expand.

### I.  *"Motion for Reconsideration"*

On January 10, 2013, less than a week after the denial of defendants' summary judgment motion, plaintiff filed a motion for appointment of counsel.  Plaintiff sought such appointment explaining that he "has never been to trial and is very limited" in his ability to conduct a trial.  Mot. (Doc. 128) at 1-2.  Further, plaintiff found "overwhelming" trial preparation and the related decisions.  Id. at 2.  In addition to being "unsure" of what trial preparation entails, plaintiff Ellsworth noted that his "health" was "a factor" in his request, but he did not elaborate.  Id. at 2.

Stating that on February 7, 2012,[1] this court previously denied a motion for appointment of counsel by plaintiff, the defendants deemed his January 10, 2013, motion as one for reconsideration.  Thus, preliminarily, the defendants asserted that plaintiff's more recent motion was untimely because it was not brought within "fourteen (14) days after the date of the filing of the Order that is the subject of the motion[,]" as LRCiv 7.2(g)(2) requires.  The defendants

---

[1] Actually, that denial was on February 23, 2012. Ord. (Doc. 56).

further argued that plaintiff failed to make the requisite showing of "exceptional circumstances" to warrant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

On February 14, 2013, the Hon. United States Magistrate Judge Mark E. Aspey ("the Magistrate Judge") simply denied plaintiff's motion. Ord. (Doc. 130) at 1. Now plaintiff is seeking "reconsider[ation]" of that denial primarily because he lacks both formal legal education and trial experience. Mot. (Doc. 131) at 3. Plaintiff posits that the foregoing means that the trial time could be doubled, resulting in increased costs and a waste of "valuable judicial time[.]" Id.

As this court has previously recognized, "'[m]otions for reconsideration are disfavored and should be granted only in rare circumstances.'" Morgal v. Maricopa County Bd. of Sup'rs, 2012 WL 2368478, at *1 (D.Ariz. June 21, 2012) (quoting U.S. v. Vistoso Partners, LLC, 2011 WL 2550387, at *1 (D.Ariz. June 27, 2011 (citation omitted)). Consistent with that view, LRCiv 7.2(g)(1) unequivocally states, in part:

> The Court will *ordinarily deny* a motion for reconsideration of an Order *absent a showing of manifest error* **or** *a showing of new facts or legal authority* that could not have been brought to its attention earlier with reasonable diligence.

LRCiv 7.2(g)(1) (emphasis added). Plaintiff Ellsworth's reconsideration motion is completely devoid of that requisite showing.

Further, in direct contravention of LRCiv 7.2(g)(1), in

his reconsideration motion, plaintiff Ellsworth merely reiterates his prior argument to the Magistrate Judge that he is seeking appointment of counsel because of his lack of experience in preparing for and participating in a trial. See id. ("No motion for reconsideration of an Order may repeat any . . . argument made by the movant in support of or in opposition to the motion that resulted in the Order.")

Additionally, it is possible to construe plaintiff Ellsworth's motion as nothing more than his disagreement or dissatisfaction with the Magistrate Judge's order denying appointment of counsel. As this court has pointed out on more than one occasion, however, "[s]uch 'dissatisfaction' or disagreement is not 'a proper basis for reconsideration[.]'" Morgal, 2012 WL 2368478, at *1 (quoting Spain v. EMC Mortg. Co., 2008 WL 2328358, at *2 (D.Ariz. June 4, 2008) (internal quotation marks and other citations omitted); see also Dennis v. Ayers, 2008 WL 1989304, at *1 (N.D.Cal. May 6, 2008) (Petitioner's disagreement "with the Court's prior resolution of the claim . . . is, of course, [an] insufficient [basis] for . . . granting] a motion for reconsideration.").

Finally, LRCiv 7.2(g)(1), governing the "[f]orm and content" of motions for reconsideration, expressly provides that "[f]ailure to comply with th[at] subsection may be grounds for denial of the motion." Exercising its discretion under that Rule, the court denies plaintiff Ellsworth's motion for reconsideration because he did not make the requisite showing thereunder for such relief. See LRCiv 7.2(g)(1).

The court is compelled to point out that notwithstanding his failure to comply with LRCiv 7.2(g)(1), still, plaintiff Ellsworth would not prevail on the merits because he "has not made the predicate showing of 'exceptional circumstances' which the Ninth Circuit requires to warrant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1)."  See Morgal v. Maricopa County Bd. of Sup'rs, 2012 WL 3028336, at *1 (D.Ariz. July 24, 2012) (footnote omitted) (quoting Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting, in turn, Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)) . . . (District courts have discretion pursuant to section 1915(e)(1) to appoint counsel for indigent civil litigants " 'only in exceptional circumstances.' ").  Thus, there are both procedural and substantive reasons for denying plaintiff Ellsworth's reconsideration motion.

### *II.  "Motion to Expand"*

The scheduling order required, among other things, that "the parties . . . lodge a joint pretrial statement and proposed order[,] [("JPTO")]" at the latest "**within 90 days of the Court's ruling on the last dispositive motion that does not dispose of the case**."  Ord. (Doc. 13) at 2:20-24 (emphasis in original).  This court's January 4, 2013, denial of defendants' motion for summary judgment constitutes such an order.  Thus, in accordance with the scheduling order, the parties have 90 days (*i.e.*, by no later than April 4, 2013) in which to lodge a JPTO.

As of March 20, no such order has been lodged.  Plaintiff

-5-

is requesting an unspecified expansion of time in which to file the JPTO. There being no prejudice to defendants, and taking into account, as plaintiff notes, his *pro se* status and his incarceration, the court hereby **GRANTS** plaintiff's motion to expand. Accordingly, the parties shall have **sixty (60) days from the date of this Order** by which to lodge a joint pretrial statement and proposed order.

As set forth above, the court hereby **ORDERS** that:

(1) plaintiff's "Motion for District Court's Reconsideration of Magistrate[']s Denial of Plaintiff's motion to Appoint Counsel" (Doc. 131) is **DENIED**; and

(2) plaintiff's "Motion to Expand the Time to File a Joint Proposed Pre-Trial Order" (Doc. 132) is **GRANTED** and the parties shall have **sixty (60) days from the date of this Order** by which to lodge a joint pretrial statement and proposed order.

DATED this 20th day of March, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*