WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Ellsworth, | No. CV-11-08070-PCT-RCB |
| Plaintiff, | **O R D E R** |
| v. | |
| Prison Health Services Incorporated, et al., | |
| Defendants. | |

Plaintiff *pro* se James Ellsworth, who has multiple sclerosis, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Prison Health Services, Inc. ("PHS"),[1] and Dr. Kirsten Mortenson. Basically, the plaintiff claims that the defendants were deliberately indifferent to his serious medical needs while he was a pre-trial detainee at the Mohave County Jail. Finding that there were genuine issues of material fact, the court denied the defendants' summary judgment motion. This case is scheduled for trial on April 29, 2014. Currently pending before the court are two defense motions *in limine* (Docs. 172 and 173).

### *Background*

The plaintiff intends to call himself and 12 other witnesses. The defendants are seeking to preclude the plaintiff from calling three of those witnesses. They also are seeking to limit the scope of the plaintiff's testimony. Asserting that they do not "possess

---

[1] PHS has since been renamed "Corizon Health, Inc." (Doc. 76 at 1 n. 1). The rights and obligations of PHS are properly asserted by and against Corizon Health, Inc.; however, for consistency with the pleadings and filings in this action, the court and parties continue to use "PHS."

knowledge relevant to the claims at issue[,]" the defendants are seeking to preclude the testimony of Richard Hallworth, Corizon's former Chief Executive Officer; James Glover, the court reporter during the plaintiff's April 30, 2010, criminal proceeding in Mohave County Superior Court; and Stephen Brown, PHS' Senior Director of Liability. Mot. (Doc. 172) at 2:25.

In response, the plaintiff contends that the court should allow Mr. Hallworth to testify because he is a factual witness with knowledge of PHS's policies and customs. The plaintiff also describes Mr. Brown as a fact witness, but the claimed substance of his testimony is a "descript[tion] [of] the policies and procedures in place to protect P.H.S. from liability." Resp. (Doc. 177) at 2. Originally, the plaintiff planned to call Mr. Glover as a witness to authenticate the transcript from the plaintiff's criminal court hearing. However, because now the plaintiff has received a certified copy of that transcript, he indicates that it will not be necessary to call Mr. Glover as a witness if the defendants will stipulate to authenticity. The defendants did not file a reply and the time to do so has long since passed. See LRCiv. 7.2(d).

In their second motion *in limine*, the defendants are seeking to preclude the plaintiff from offering his "opinions" as to "medical causation, such as efficacy of certain care, medication administration or other medical decisions, . . . amount[ing] to expert medical opinion." Mot. (Doc. 173) at 2:22-25 (citation omitted). The basis for this argument is that the plaintiff is not a physician, and thus he is not qualified to testify as an expert upon the foregoing in accordance with Fed.R.Evid. 702.

### *Discussion*

### *I. Legal Standard*

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." Hana Financial, Inc. v. Hana Bank, 735 F.3d 1158, 1162 n. 4 (9th Cir. 2013) (quoting United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009) (other citation omitted). Such a motion "is a preliminary motion that is entirely within the discretion of the Court." Jaynes Corp. v. American Safety Indem. Co., 2014 WL 1154180, at *1 (D.Nev. March 20, 2014) (citing Luce v. United States, 469 U.S. 38, 41-

42, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). The Ninth Circuit in Hana, noted that Goodman v. Las Vegas Metro. Police Dep't, 963 F.Supp.2d 1036 (D.Nev. 2013), "set[s] forth the standards applicable to motions in limine." Hana, 735 F.3d at 1162 n. 4. There, the court explained in pertinent part:

> To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. . . . This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence.

Goodman, 963 F.Supp.2d at 1047 (internal quotation marks and citations omitted).

Motions in limine are "provisional" in nature. Id. Therefore, rulings on such motions "'are not binding on the trial judge [who] may always change his mind during the course of a trial.'" Id. (quoting Ohler v. United States, 529 U.S. 753, 758 n. 3, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000)) (citing Luce, 469 U.S. at 41, 105 S.Ct. 460 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner)). "'Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.'" Id. (quoting Ind. Ins. Co. v. Gen. Elec. Co., 326 F.Supp.2d 844, 846 (N.D.Ohio 2004)). Against this legal backdrop the court will consider the defendants' motions in limine.

## II. Motions In Limine

### A. To Preclude Plaintiff From Calling Certain Witnesses

The defendants are seeking to preclude the plaintiff from calling Messrs. Hallworth, Glover and Brown as witnesses. The crux of this defense motion is plaintiff's failure to show that any of these three witnesses have relevant information to assist the

trier of fact in determining whether his claims are meritorious.

### 1. Mr. Hallworth

In the Joint Pretrial Statement and Final Pretrial Order ("FPO"), the plaintiff indicted that Mr. Hallworth, Corizon's former CEO, will testify as to PHS' "mission" and its "policies and protocols." (Doc. 154) at 11:18-19, ¶ 4. In seeking to preclude the testimony of Mr. Hallworth, a non-party witness residing outside the state of Arizona, the defendants point out that the purported subject of his testimony can be found in PHS' policies and procedures. Those policies and procedures were obtained through discovery and are among the listed trial exhibits. See FPO (Doc. 154) at 16:25-17:16, ¶¶ 28-26; 18:10-11, ¶ 2. Further, the defendants note that because the plaintiff did not take Mr. Hallworth's deposition, he can only speculate as to Mr. Hallworth's role, if any, in preparing PHS' policies and procedures.

One of plaintiff's theories of liability is that PHS "has a custom of not treating inmates['] illnesses for a bigger profit." Resp. (Doc. 177) at 1. The Plaintiff then baldly asserts that Mr. Hallworth has "knowledge" of PHS' "[p]olicies and [c]ustoms[.]" Id. at 2. Additionally, the plaintiff claims that the PHS policies provided during discovery were not in effect during the relevant time frame.

The court does not have before it the PHS policies and procedures which the parties intend to offer at trial. Thus, the court has no way of knowing whether the provided policies are relevant, from a temporal or substantive standpoint, and it declines to theorize. Regardless, because the plaintiff has not "introduced [evidence] sufficient to support a finding that" Mr. Hallworth has "personal knowledge" of PHS' polices, procedures or customs, the court grants the defendants' motion to preclude his testimony at trial. See Fed.R.Evid. 609.

### 2. Mr. Glover

Mr. James Glover is an Arizona certified court reporter who, according to the plaintiff, is expected to testify as to the "authenticity" of the transcript from the plaintiff's April 30, 2010 criminal proceeding during which defendant Mortenson testified. FPO (Doc. 154) at 12:24, ¶ 11. Since the filing of the defendants' motion, the plaintiff has

received a certified copy of that transcript. Resp. (Doc. 177) at 2. Therefore, "if [the] Defendants are willing to stipulate to the authenticity of th[at] transcript," then the plaintiff states that he will not need to call Mr. Glover as a witness. Id.

Because the defendants did not file a reply, the court has no way of knowing whether they will agree to such a stipulation. Despite that, the court grants the motion to preclude the plaintiff from calling Mr. Glover as witness. On this record at least, his testimony is unnecessary and duplicative. That is because it appears to the court that the defendants agree that a certified copy of that transcript, which comports with Fed.R.Evid. 902(11), would be self-authenticating. The basis for this assumption is the defendant's failure to object to the April 30, 2010, transcript on authenticity grounds. The defendants limit their objections to that particular exhibit to lack of foundation and hearsay. See FPO (Doc. 154) at 14:16, ¶ 1.

### *3. Mr. Brown*

The plaintiff merely names Mr. Stephen Brown as a witness in the FPO, but gives no indication at all as to his intended testimony. See FPO (Doc. 154) at 13:6, ¶ 13. Given that omission, the defendants argue that, as with Mr. Hallworth, the court should preclude Mr. Brown from testifying because the plaintiff has not shown that Mr. Brown has personal knowledge of the claims herein.

In his response, the plaintiff indicates that he intends to call Mr. Brown as a "[f]actual [w]itness to describe the policies and procedures in place to protect P.H.S. from liability." Resp. (Doc. 177) at 2. The plaintiff suggests that he could not provide that information on June 3, 2013, when the parties filed the FPO, because he did not receive a copy of the Brown affidavit until after December 13, 2013, when this court ordered the defendants to provide it to him. See Ellsworth v. Prison Health Services, Inc., 2013 WL 6587876 (D.Ariz. 2013). This timing argument overlooks the fact, however, that at least as the court reads it, the Brown affidavit does not include the proffered testimony as the plaintiff describes it. Consequently, although the plaintiff did not have the Brown affidavit when the parties filed the FPO, that, standing alone, did not preclude him from setting forth the nature of Mr. Brown's testimony in the FPO.

- 5 -

In addition, the court fails to see the relevance of Mr. Brown's proffered testimony, at least at this juncture. And, because the plaintiff did not take Mr. Brown's deposition, he has no way of knowing whether or not Mr. Brown has the requisite "personal knowledge of th[is] matter."  See Fed.R.Evid. 602.  Accordingly, the court grants the defendants' motion to preclude Mr. Stephen Brown from testifying at the trial.

### *B. Limiting Plaintiff's Testimony*

In anticipation of plaintiff Ellsworth testifying at trial, the defendants are seeking to preclude him from offering his "opinions" as to "medical causation, such as efficacy of certain care, medication administration or other medical decisions, . . . amount[ing] to expert medical opinion." Mot. (Doc. 173) at 2:22-25 (citing Fed.R.Evid. 702). The defendants are basing this argument on the fact that the plaintiff is not a physician and thus he is not qualified to testify as an expert upon the foregoing in accordance with Rule 702.

Federal Rule of Evidence 702 permits testimony by experts qualified by "knowledge, skill, expertise, training, or education" to testify "in the form of an opinion or otherwise" based on "scientific, technical, or other specialized knowledge" if that knowledge will "help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed.R.Evid. 702(a). Such testimony must be "based upon sufficient facts or data," "the product of reliable principles and methods," and the expert must "appl[y] the principles and methods reliably to the facts of the case." Fed.R.Evid. 702(b)-(d). An individual lacking such qualifications, however, such as plaintiff Ellsworth, may only testify as to opinions "rationally based on the witness's perception[.]"  See  Fed.R.Evid. 701.

The plaintiff intends to testify regarding his "health condition" and how it "deteriorate[ed] . . . while [he was] in [the] [MCJ]." Resp. (Doc. 177) at 2. Plaintiff Ellsworth also intends to testify as to the medications he was taking and their affect upon him. Accepting plaintiff's response at face value, the matters about which he intends to testify are based upon his own personal knowledge. Fed.R.Evid. 602 allows for testimony based upon personal knowledge.  Therefore, the court **DENIES** the

defendants' motion, but it does so without prejudice to renew in the event the plaintiff attempts to testify regarding issues within the province of an expert.

Accordingly, the court **HEREBY ORDERS** that:

(1)   Defendants' Motion *in Limine* to Preclude Plaintiff from Calling Certain Witnesses (Doc. 172) is **GRANTED**; and

(2)   Defendants' Motion *in Limine* to Preclude Plaintiff from Providing Expert Opinion Testimony (Doc. 173) is **DENIED WITHOUT PREJUDICE TO RENEW**.

DATED this 16th day of April, 2014.

_____
JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA